IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00682-WDM-MEH

KEN KENYATTA WILSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## RECOMMENDATION ON MOTION TO DISMISS

This matter is before the Court on the Defendants' Motion to Dismiss, filed August 20, 2007 (Docket #22). Pursuant to Rule 72.2 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to me for Recommendation. For the reasons discussed below, I recommend that the motion be **granted**.[1]

## BACKGROUND

Plaintiff has named only the Federal Bureau of Prisons ("BOP") as a Defendant in this case. He asserts jurisdiction pursuant to a constitutional tort theory under *Bivens v. Six Unknown Named*

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); common law tort violations pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680; and violation of statutes, regulations and case law governing the transfer of imprisoned persons to mental institutions. In general, he claims that he was wrongfully, and without due process, transferred from the Defendant's ADX Florence, Colorado facility to the United States Medical Center for Federal Prisoners in Springfield, Missouri. Once in Springfield, he claims that he was subjected to physical abuse, forced medical treatment (including involuntary medication), seizure of his mail, and placement into a single cell. He was subsequently transferred back to the ADX, allegedly pursuant to an order by a United States District Judge in the Western District of Missouri in a civil action that is sealed (a case in which he was represented by counsel).

In Claim One, Plaintiff alleges constitutional violations based on the wrongful transfer. In Claim Two, he alleges forced submission to unwanted medical tests in violation of the Constitution. In Claim Three, he alleges seizure of his mail and forced medical treatment, in violation of the Constitution. He does not make any specific tort claims, although he asserted jurisdiction under the FTCA.

## ANALYSIS

Defendant moves to dismiss this action based on a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

First, as Defendant accurately argues and supports, Plaintiff cannot bring a *Bivens*-type action against the United States. He may only file such a claim against individual federal employees. Therefore, Plaintiff's Complaint, insofar as it asserts any constitutional claims against the BOP, should be dismissed.

Second, Plaintiff may not bring an FTCA claim, because he has not exhausted his

administrative filing requirement with regard to that waiver of sovereign immunity. Although Plaintiff alleges he did exhaust by filing a claim, he fails to provide any proof, and the Defendant has submitted a Declaration stating that no such claim was ever filed. *See* Motion, Exh. 1. Such evidence is permissible in a motion to dismiss based on subject matter jurisdiction. *See Wheeler v. Hurdman,* 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied,* 484 U.S. 986 (1987). Moreover, Plaintiff may not, under Colorado law, bring a tort claim against the United States without filing a medical certificate of review, which he has not done. Finally, the only proper defendant in an FTCA action is the United States of America.

Third, even if Plaintiff could allege a violation of the law with regard to federal statutes, regulations, or Supreme Court case authority governing involuntary transfer of incarcerated persons to a mental institution (and the Court agrees with Defendant that there is substantial doubt that Plaintiff has a private right of action under the cited statutes),[2] such an action would have to be brought pursuant to a *Bivens* theory against the individual federal employees who allegedly violated a federal statute or Plaintiff's constitutional rights. Although Plaintiff could theoretically seek injunctive relief against the sovereign, including Defendant BOP, Plaintiff is currently at the ADX in Florence, Colorado, which is where he thinks he should be, and has been so housed since approximately the summer of 2006.

## CONCLUSION

Therefore, the Court finds that Plaintiff fails to cite any waiver of sovereign immunity that

---

[2]The BOP has the authority to designate the place of plaintiff's imprisonment, *see* 18 U.S.C. § 3621(b), and prison officials retain broad discretion over the assignment and issues concerning the housing of inmates, *see Matter of Gee*, 815 F.2d 41 (7th Cir. 1987); *Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978). The decision regarding any transfer is the province of the Regional Director of the BOP. *See* 28 C.F.R. § 541.23(d). As far as the Court can determine, the temporary transfer about which complains was to the BOP medical facility in Springfield, Missouri.

would permit an action to be brought against the Defendant, and on that basis RECOMMENDS that the Motion to Dismiss be **granted**.

Dated at Denver, Colorado, this 28th day of September, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge