IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00682-WDM-MEH

KEN KENYATTA WILSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty, issued September 28, 2007 (Docket No. 44), that Defendant's Motion to Dismiss (Docket No. 22) be granted. Plaintiff filed a timely objection to the recommendation and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). Furthermore, I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case, I

find that the recommendation should be accepted as modified for the reasons cited below.

## Background

This is a prisoner rights case in which Plaintiff alleges that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when he was transferred to a medical facility in 2005. Plaintiff is currently serving a 262-month sentence at the Administrative Maximum facility (ADX) in Florence, Colorado. According to the complaint, Plaintiff was transferred from ADX to the United States Medical Center for Federal prisoners (USMCFP) in Springfield, Missouri in June 2005 without any prior notice, hearing, or court order. Plaintiff alleges that he was beaten upon arrival at USMCFP, was forcibly medicated, was placed in a single cell on single recreation status, and had his mail seized. Plaintiff was transferred back to ADX in July 2006 after a United States District Judge for the Western District of Missouri ordered the transfer.

Subsequently, Plaintiff filed this complaint on April 5, 2007. Plaintiff named only the Federal Bureau of Prisons as a defendant in the case. The complaint asserts jurisdiction pursuant to (1) 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau Of Narcotics*, 403 U.S. 388 (1971); (2) 18 U.S.C. §§ 4245, 4247 (addressing hospitalization of prisoners who suffer from a mental disease or defect); (3) 28 C.F.R. 549.40–43 (addressing administrative safeguards for psychiatric treatment and medication of prisoners); *Vitek v. Jones*, 445 U.S. 480 (1980) (holding that due process requirements apply to a decision to transfer a prisoner to a mental institution); and (5) the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80.

## Standard of Review

A plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be in one of two forms. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). First, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Second, the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas*, 351 F.3d at 1013 (citing *Stuart*, 271 F.3d at 1225). In this case, "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt*, 46 F.3d at 1003. Rather, the court may look to affidavits and other documents outside the pleadings and such reliance does not convert the motion to a Rule 56 motion for summary judgment. *Id.*

## Discussion

Magistrate Judge Hegarty determined that Plaintiff's claim should be dismissed because this Court lacks jurisdiction over the case. In particular, he determined that (1) a *Bivens* action cannot be maintained against a federal agency such as the defendant in this case; (2) Plaintiff cannot bring a FTCA claim because he did not first exhaust his administrative remedies as required by the statute; and (3) none of the statutory or case law referenced by Plaintiff establish this Court's jurisdiction to hear the case.

Plaintiff presents two arguments in his objection to Magistrate Judge Hegarty's recommendation: (1) Magistrate Judge Hegarty did not have authority to enter a recommendation because Plaintiff did not consent to have a magistrate judge assigned to the case and (2) a general argument that "jurisdiction is properly asserted in this case." (Pl.'s Obj. at 1.)

Plaintiff's first argument is without merit. Plaintiff's consent is not required for Magistrate Judge Hegarty to issue a recommendation. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing a district judge to designate a magistrate judge with the authority to conduct hearings and issued "proposed findings of fact and recommendations for the disposition" of a motion to dismiss without the consent of the parties); Fed. R. Civ. P. 72(b) (setting forth the procedure regarding dispositive motions for a magistrate judge assigned to a case without consent of the parties). In support of his argument, Plaintiff cites to 28 U.S.C. § 636(c) which requires the consent of both parties. This provision, however, does not apply to a magistrate judge's authority to issue a recommendation, but rather concerns the authority of a magistrate judge to conduct all proceedings in a case. Therefore, as I referred the case to Magistrate Judge Hegarty pursuant to 28

4

U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) (Docket No. 14), Magistrate Judge Hegarty was authorized to issue the recommendation.

Plaintiff's second argument appears to be a general objection to Magistrate Judge Hegarty's finding that this Court lacks jurisdiction over the case. As I am required to construe Plaintiff's *pro se* pleadings liberally, I will review Magistrate Judge Hegarty's entire recommendation *de novo* even though Plaintiff did not cite specific objections to the recommendation. *See Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines*, 404 U.S. at 520–21)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) and *Fed. Hous. Admin. V. Burr*, 309 U.S. 242, 244 (1940)). In *Bivens*, the Supreme Court recognized an "implied a cause of action for damages against federal agents who allegedly violated the Constitution." *Id.* at 473 (citing *Bivens*, 403 U.S. 388). This implied cause of action for damages does not, however, extend to suits against a federal agency. *Id.* at 484–86. Therefore, Plaintiff cannot base jurisdiction on *Bivens* because the only defendant Plaintiff named in the complaint was the Bureau of Prisons, a federal agency.

Plaintiff also asserts jurisdiction based on the FTCA. The FTCA provides that the district courts shall have jurisdiction over:

> civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government

5

> while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, because claims based on constitutional violations arise exclusively under federal law, the FTCA does not confer jurisdiction on district courts for constitutional tort claims. *See Meyer*, 510 U.S. at 478 ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Therefore, this Court does not have jurisdiction over Plaintiff's constitutional tort claims under the FTCA.

To the extent that Plaintiff asserts claims that are not constitutional tort claims,[1] I conclude that the claims must be dismissed because federal agencies, such as the Bureau of Prisons, cannot be sued under the FTCA. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title shall be exclusive."); *Meyer*, 510 U.S. at 476 ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue and be sued clause."). Therefore, even if Plaintiff's claims are cognizable under the FTCA, he cannot bring

---

[1] Plaintiff's complaint appears to assert only constitutional tort claims; however, under a liberal construction of the complaint Plaintiff may also be asserting other claims. Therefore, I will address jurisdiction for those claims as well.

6

suit under the FTCA against the Bureau of Prisons. As he has named only the Bureau of Prisons as a defendant in this case, dismissal is appropriate.

Furthermore, Magistrate Judge Hegarty determined that Plaintiff did not have jurisdiction under the FTCA because he did not exhaust his administrative remedies prior to bringing suit in federal court. To be actionable under the FTCA, a claim must have been "first presented . . . to the appropriate Federal agency and the claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see* 28 U.S.C. § 1346(b) (providing jurisdiction to federal courts subject to the provisions of 28 U.S.C. § 2671–80). Although Plaintiff alleged in his complaint that he submitted an administrative tort claim form, Defendant supplied an affidavit stating that the form had not been submitted. As Plaintiff did not respond to this affidavit with any demonstration that he had fully exhausted his administrative remedies, Magistrate Judge Hegarty concluded that jurisdiction under the FTCA was not appropriate. *See Holt*, 46 F.3d at 1003 (holding that when there is a factual attack on the basis for subject matter jurisdiction "a district court may not presume the truthfulness of the complaint's factual allegations"). I agree with Magistrate Judge Hegarty on this issue.

Finally, as Magistrate Judge Hegarty correctly noted, none of the statutes nor cases that Plaintiff cites confer jurisdiction on this Court. Although they may prescribe the conduct and relevant standards relating to the transfer of a prisoner from a prison to a medical facility, they do not confer jurisdiction on this Court for conduct not in compliance with those standards. Therefore, Plaintiff has not demonstrated jurisdiction and his case must be dismissed. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305,

1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))).

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Hegarty on September 28, 2007 (Docket No. 44), is accepted as modified.

2. Defendants' Motion to Dismiss, filed August 20, 2007 (Docket No. 22), is granted.

DATED at Denver, Colorado, on December 21, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge